# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| LATAVIA ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4147-CV-C-NKL |
| | ) | |
| LINCOLN UNIVERSITY | ) | |
| FOUNDATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Latavia Adams's ("Adams") Motion to Stay based on her counsel's active duty service with the Kansas Army National Guard [Doc. # 8]. For the reasons set forth below, the Court denies the pending Motion and dismisses the case without prejudice.

Carlos Romious ("Romious") is Adams's counsel in this case. However, Romious signed the pleadings in this matter using the name "D. Carlos Romious" which is a fictitious name registered by a limited liability corporation known as The Romious Group, L.L.C.[1] Thus, the signature applied by Adams's counsel is not his individual name, but instead a fictitious name registered by a corporation.

In a previous case before this Court, Romious was put on notice that a fictitious

---

[1] According to the Missouri Secretary of State's records, it appears that this corporation was formerly known as C.D. Romious Law Firm, L.L.C.

1

name does not comply with the signature requirement found in Fed. R. Civ. P. 11. The case was *Carlos Romious v. City of Springfield, et al.*, No. 04-3182-CV-S-RED. In that matter, Judge Dorr of this Court dismissed Romious's pleadings for failure to comport with the signature requirement in Rule 11. Judge Dorr held that Romious's use of a fictitious name did not comply with the Rule and that Rule 11 mandates that attorneys sign their individual name in their pleadings. Judge Dorr entered his Order of dismissal without prejudice on May 6, 2005 [Doc. # 146].

despite Judge Dorr's ruling, Romious filed the instant action a few days later on May 11, 2005, under his fictitious name and he continues to employ his fictitious name in his filings with the Court. Thus, even though Romious was put on notice that his conduct does not comport with Rule 11, he continues to employ a fictitious name in lieu of his individual name. This Court concurs with Judge Dorr that counsel's conduct violates the mandate of Rule 11. Therefore, the Court will dismiss the underlying Complaint without prejudice. Romious may re-file the Complaint when he returns from active duty only if he complies with the signature requirement found in Rule 11.

In an effort to notify Romious about this decision, the Court will file this Order on its ECF system and mail it to his address of record. Moreover, the Court will also leave a message at Romious's designated telephone number and apprise him of this Order.

Accordingly, it is hereby ORDERED that

(1)   Adams's pending Motion to Stay [Doc. # 8] is DENIED, and

(2)   this case is DISMISSED without prejudice.

2

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE:  September 28, 2005
Jefferson City, Missouri

3